UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| Keyonna Davis, et al. | : | |
|---|---|---|
| Plaintiffs | : | Civil Case No. 3:16-cv-01578 (VLB) |
| | : | |
| v. | : | |
| | : | December 11, 2017 |
| Yale New Haven Hospital, et al. | : | |
| Defendants | : | |

## ORDER DENYING MOTIONS TO AMEND THE COMPLAINT AND TO PROCEED IN FORMA PAUPERIS

Plaintiffs Keyonna Davis, Jerome Davis, James Davis, and Karen Davis ("Plaintiffs") bring claims against Defendants United States, Yale New Haven Hospital, Yale School of Medicine, Yale New Haven Health System, Yale Medical Group, Governor Daniel Malloy, Dr. Susan Williams, Husky Health Care, Dr. Michael Imevbore, Daniel Heacock, Dr. Jonathan Puchaiski, William Cushing, Dr. Erin Debiasi, Dr. Shailesh Pinto, Dr. Aldo Peixoto, Dr. Mohsin Chowdhury, Dr. Alicia Howard, Dr. Randy Luciano, Warren Perry, Dashevsky Meir, Dr. Alyssa French, and Dr. Warren Perry ("Defendants")[1] alleging injuries resulting from their father's treatment at Yale New Haven Hospital leading up to his death. [3:16-cv-1578, Dkt. No. 19.] Plaintiffs have filed a Motion to Reconsider the Court's denial of their Motions to Appoint Counsel and to Proceed in Forma Pauperis, and have also filed a proposed Amended Complaint. [Dkt. 36.] For the reasons set forth below, the proposed Amended Complaint is DISMISSED with prejudice and the Motion for Reconsideration is DENIED.

---

[1] This list includes Defendants listed in the proposed Amended Complaint which is the subject of this Order as well as the seven Defendants listed in prior iterations of Plaintiffs' Complaint.

1

I. Procedural History

Plaintiff Keyonna Davis first brought her complaint on August 3, 2016 on behalf of her deceased father, James Lester. [3:16-cv-1318 at Dkt. 1.] The complaint alleged violations of Mr. Lester's civil rights under 42 U.S.C. Sections 1983 and 1985, medical malpractice, and personal injury. *Id*. Contemporaneous with her complaint, Ms. Davis also moved to proceed in forma pauperis and for appointment of counsel. [3:16-cv-1318 at Dkts. 2, 3.] The court referred the motions to Magistrate Judge Richardson on August 5, 2016. [3:16-cv-1318 at Dkt. 7.]

On September 2, 2016, Magistrate Judge Richardson issued a recommended ruling recommending dismissal of the complaint without prejudice. [3:16-cv-1318 at Dkt. 8.] The recommended ruling found that the complaint alleged no factual allegations that would support a claim personal to Ms. Davis, and that all claims were instead brought on behalf of the estate of Mr. Lester. *Id*. The recommended ruling explained that Ms. Davis is not a licensed attorney, and may not bring claims on behalf of another party. *Id.* (citing *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). Consistent with that principle, Judge Richardson explained that Ms. Davis may only bring claims on behalf of her father's estate if she establishes that she has been appointed as administratrix or executrix of the estate, is the sole beneficiary of the estate, and the estate has no creditors. *Id.* (citing *Pridgen*, 113 F.3d at 393). Since the complaint made no such allegations, and in fact mentioned other children of Mr.

2

Lester who may also have an interest in Mr. Lester's estate, Judge Richardson concluded that Ms. Davis could not proceed with her complaint pro se. *Id.*

In addition, the recommended ruling noted that Ms. Davis supplied an affidavit relaying her own financial information in support of her motion to proceed in forma pauperis. *Id.* Judge Richardson explained that, since the claims were brought on behalf of Mr. Lester's estate, the relevant finances were the estate's, not Ms. Davis'. *Id.* (citing 28 U.S.C. 1915(a)). Accordingly, the court did not have the financial information necessary to grant the in forma pauperis motion, and for those reasons Judge Richardson recommended denial of the motion and dismissal of the complaint without prejudice. *Id.* Finally, the decision informed Mr. Davis of the time period in which she could object to the recommended ruling. *Id.*

Rather than amending her complaint or objecting to the recommended ruling, Ms. Davis filed a new case on September 16, 2016. [3:16-cv-1578 at Dkt. 1.] This second case names as plaintiffs James Davis, Karen Davis, Jerome Davis, Keyonna Davis, and James A. Lester (deceased), and was signed by Ms. Davis alone. The second case was assigned to this court pursuant to the district's related case policy. Ms. Davis also filed a motion to proceed in forma pauperis and a motion to appoint counsel contemporaneously in what appears to be her individual capacity. [3:16-cv-1578 at Dkts. 2, 3.] Both complaints were substantially similar, and the court construed the complaint initiating the second case as an effort to address the recommended ruling. [3:16-cv-1578 at Dkt. 9.] Accordingly, on October 5, 2016, the court consolidated the two cases under the

3

latter case number and deemed the latter complaint an amended complaint. [3:16-cv-1578 at Dkt. 9.] The court also ordered Ms. Davis to file for the court's review the probate order appointing her administrator of her father's estate. [3:16-cv-1578 at Dkts. 8, 9.] In addition, the court referred the renewed motions and amended complaint to Magistrate Judge Richardson. [Dkt. 3:16-cv-1578 at Dkt. 9.]

The amended complaint alleged violations of Mr. Lester's civil rights under 42 U.S.C. Sections 1983 and 1985, medical malpractice, personal injury, discrimination, intentional infliction of emotional distress, and violations of the Connecticut Unfair Trade Practices Act (CUTPA). [3:16-cv-1578 at Dkt. 1.]

Unbeknownst to the court, on October 5, 2016, the same day the court deemed Ms. Davis to have filed an amended complaint in response to the recommended ruling, Ms. Davis filed an untimely objection to the Recommended Ruling in the original case. [3:16-cv-1318 at Dkt. 9.] Her objection did not state any specific findings in the recommended ruling which she disputed, nor did it articulate a sound reason why the recommended ruling should not be accepted and the case dismissed without prejudice. *Id*.

On October 14, 2016, in the consolidated action, Ms. Davis filed the probate order confirming that she was appointed administratrix of her father's estate. [3:16-cv-1578 at Dkt. 14.] The probate form includes no further information about Mr. Lester's estate, including its assets, liabilities, creditors or beneficiaries. Ms. Davis also failed to file a financial affidavit on behalf of the estate. *Id*. To this date, no financial affidavit has been filed on behalf of Mr. Lester's estate.

4

**On December 20, 2016, Magistrate Judge Richardson issued a recommended ruling finding that, despite including additional allegations, the amended complaint still failed to make any allegations relating to claims personal to Ms. Davis. [Dkt. 3:16-cv-1578 at 15.] The second recommended ruling explained that, contrary to the instructions provided in the original recommended ruling, the amended complaint raised only claims personal to Mr. Lester.** *Id.* **The second recommended ruling went on to advise that while the amended complaint indicated that Ms. Davis was appointed administrator of Mr. Lester's estate, it did not affirmatively assert that the estate had no creditors. In addition, not only did the amended complaint not affirmatively state that the estate had no other beneficiaries, it suggested that there were other beneficiaries by mentioning Ms. Davis' multiple siblings and surviving mother.** *Id.* **For those reasons, Judge Richardson concluded the amended complaint failed to remedy the deficiencies in the complaint, Ms. Davis could not properly pursue the amended complaint pro se, and the amended complaint should be denied without prejudice.** *Id.*

**Judge Richardson also recommended that the motion to proceed in forma pauperis be denied for two reasons.** *Id.* **First, Ms. Davis again failed to submit a financial affidavit regarding her father's estate as required under 28 U.S.C. 1915(a).** *Id.* **Second, Judge Richardson noted that, even if Ms. Davis had submitted the required affidavit, an estate is not eligible to proceed in forma pauperis.** *Id.* **(citing** *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* **506 U.S. 194, 200 (1993) (stating 28 U.S.C. 1915(a) allows a natural person to proceed in forma pauperis, not an artificial entity);** *In re Estate of Van*

5

*Putten*, 553 F. App'x 328 (3d Cir. 2009) (affirming that an estate is not eligible to proceed in forma pauperis)).

Ms. Davis did not object to the recommended ruling, and the court adopted it absent objection on January 9, 2017. [3:16-cv-1578 at Dkt.16.] In accordance with Judge Richardson's findings, the court dismissed the consolidated action without prejudice to filing a second amended complaint by January 30, 2017 remedying the deficiencies described in the December 20 2016 recommended ruling. *Id.* The court also found as moot the September 2, 2016 recommended ruling in light of Ms. Davis' amended complaint and the superseding December 20, 2016 recommended ruling. *Id.*

On January 30, 2017, Ms. Davis filed a second amended complaint ("SAC") in the consolidated action. [3:16-cv-1578 at Dkt. 19.] The SAC listed Ms. Davis, Mr. Lester's estate, and three of Ms. Davis' siblings as Plaintiffs. *Id.* Each of the four siblings filed motions to proceed in forma pauperis contemporaneous with the SAC, and all siblings except Ms. Keyonna Davis filed motions to appoint counsel. [3:16-cv-1578 at Dkts. 20-26.] The court reopened the case and referred the SAC and attendant motion to Magistrate Judge Richardson that same day. [3:16-cv-1578 at Dkt. 27.]

On February 13, 2017, Ms. Keyonna Davis filed a duplicate motion to proceed in forma pauperis, a motion for appointment of counsel, and a Motion for Clarification and to Reopen Case Number 3:16-cv-1318. [3:16-cv-1578 at Dkts. 28-30.] The Motion for Clarification and to Reopen Case summarized the filings in the original and consolidated cases and suggested that the court and Magistrate

6

Judge Richardson "misunderstood or made a mistake" in their prior rulings. [3:16-cv-1578 at Dkt. 30.] In support, Plaintiffs made various factual assertions including, for example, that Ms. Keyonna Davis only submitted a financial affidavit regarding her own finances because her father, Mr. Lester, is deceased. *Id.* at 3. The motion for clarification did not address the recommended ruling's explanation of why Ms. Keyonna Davis' financial affidavit was insufficient to support her motion to proceed in forma pauperis. *Id.* The motion for clarification also included various questions, such as whether Plaintiffs should move to reopen the member case. *Id.* That same day, Plaintiffs appealed the dismissal without prejudice of their amended complaint. [3:16-cv-1578 at Dkt. 31.]

On February 22, 2017, the court denied the motions to proceed in forma pauperis, for appointment of counsel, and for clarification. [3:16-cv-1578 at Dkt. 33.] The order explained that the SAC listed many causes of action but did not plead factual content which would allow the court to draw a reasonable inference that Defendants were liable for the misconduct alleged. *Id.* (citing Fed. R. Civ. P. 8; *Ashcroft v. Iqbal*, 556 U.S. 662, 283 (2009)). Because a motion to proceed in forma pauperis may only be granted if the complaint alleges a viable claim, the court denied the four identical motions to proceed in forma pauperis. *Id.* (citing 28 U.S.C. 1915). Likewise, because the appointment of counsel is inappropriate if the pleadings are deficient, the court denied the four motions for appointment of counsel. *Id.* (citing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986) (stating a court must consider the merits of the movant's case when reviewing an application for appointment of counsel)).

Regarding the motion for clarification, the court referred Plaintiffs to the prior recommended rulings and the order consolidating cases for an explanation of the deficiencies in their pleadings and urged Plaintiffs to familiarize themselves with the Federal Rules of Civil and Appellate Procedure and the Local Rules for the District of Connecticut. *Id.* The Court cautioned the Plaintiffs that as the court is a neutral arbiter and cannot serve as counsel to any party, it could not provide any more guidance that that contained in the recommended rulings and its decisions. *Id.* That said, the court did explain that the lead and member cases were consolidated, and that Plaintiffs need not move to reopen the member case and should not file additional motions under the member case caption. *Id.* The court also cautioned that further amended pleadings failing to comply with the Federal and Local Rules of Civil Procedure, including amended pleadings improperly brought pro se, may be dismissed *sua sponte*. *Id.*

On June 28, 2017, the Second Circuit dismissed Plaintiffs' appeal for lack of jurisdiction because a final order was not issued by this court as to the SAC. [3:16-cv-1578 at Dkt. 34.] The Second Circuit also ordered this court to clarify whether further amended pleadings would be allowed, or whether the SAC would be dismissed with prejudice. *Id.*

On June 30, 2017, the court ordered Plaintiffs to pay the filing fee and retain counsel within 21 days and file a third Amended Complaint (TAC) stating a viable claim within 42 days. [3:16-cv-1578 at Dkt. 35.] On July 21, 2017, Plaintiffs filed the instant motion for reconsideration of its prior motions to proceed in forma

pauperis and appoint counsel, along with its proposed TAC.  [3:16-cv-1578 at Dkt. 36.]  The court addresses these most recent filings below.

II. <u>The Proposed Amended Complaint is Deficient</u>

Plaintiffs' proposed amended complaint suffers from two deficiencies.  First, Plaintiffs have not shown that they can proceed with this case pro se.  Second, even if they could proceed pro se, Plaintiffs have not stated a claim upon which relief may be granted.  The court discusses each deficiency in turn.

   a. <u>Plaintiffs May Not Proceed Pro Se</u>

The proposed amended complaint, along with the motion for reconsideration, is not signed by all Plaintiffs.  Rather, Plaintiffs Keyonna Davis and James Davis appear to have signed the pending motions and proposed amended complaint on behalf of their other two siblings and their deceased father's estate.  This is improper.  As the court previously stated, only a person licensed to practice law may represent another individual in federal court.  *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A] person ordinarily may not appear pro se in the cause of another person or entity.").

In addition, it appears Plaintiff Keyonna Davis is continuing to sue on behalf of her deceased father's estate, as well as on her own behalf.  Because Ms. As the court has previously stated, Davis has not established that she is the sole beneficiary of her father's estate and that her father's estate has no creditors, she may not represent his estate pro se.  *Id.* at 393 ("[A]n administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or

9

creditors other than the litigant."). Accordingly, Plaintiffs may not proceed with the proposed Amended Complaint or the Motion for Reconsideration as filed.

   b. <u>The Proposed Amended Complaint Fails to State a Viable Claim</u>

Even if the Plaintiffs were not improperly attempting to proceed pro se, the proposed amended complaint would be dismissed for failure to state a claim under Federal Rule of Civil Procedure 8. This is the case even upon reading the allegations in the proposed amended complaint broadly, as the court is required to do for pro se plaintiffs. *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000).

The proposed amended complaint alleges Defendants' negligent, wrongful acts or omissions in caring for their father caused their father's personal injury, negligent supervision, and wrongful death. [Dkt. 36-1 at 1.] The amended complaint also alleges intentional infliction of emotional distress and denial of Plaintiffs' equal protection rights under 42 U.S.C. § 1983. *Id.* at 2. The court discusses each of those claims below.

   i. <u>Personal Injury, Negligent Supervision, and Wrongful Death</u>

Plaintiffs' personal injury, wrongful death, and negligent supervision claims arise out of injuries sustained by their father. As previously stated, Plaintiffs have not alleged that Ms. Keyonna Davis, administratrix of her father's estate, is the estate's sole beneficiary or that the estate has no creditors, and Plaintiffs accordingly may not raise a claim on the estate's behalf. *Pridgen*, 113 F.3d at 393.

Nor may the Plaintiffs sue for the deceased Mr. Lester's personal injury, wrongful death, or negligent supervision in their individual capacities. Plaintiffs

10

have not alleged that the decedent Mr. Lester's personal injury and wrongful death caused them personally a "concrete and particularized injury in fact," and accordingly they do not have standing to sue.  *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014); *Squires v. Nephrology Foundation of Brooklyn, Inc.*, 1999 WL 1495421, at *4 (E.D.N.Y. Dec. 27, 1999) (dismissing for lack of standing where plaintiff alleged personal injury and wrongful death based on the death of his sister but failed to allege distinct injury to himself).  Plaintiffs' personal injury, negligent supervision, and wrongful death claims must accordingly be dismissed.

        ii.   <u>Equal Protection</u>

Plaintiffs also allege Defendants treated them differently than other similarly situated individuals and "retaliated" against them because of their race, which violated their Fourteenth Amendment right to equal protection.  Complaint at 14.  Plaintiffs raise this claim under 42 U.S.C. § 1983.  *Id*.

Section 1983 requires a plaintiff to allege that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States."  *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999).

It is a "threshold requirement" that the defendant's conduct which denied the plaintiff's constitutional rights "constituted a state action."  *Desiderio v. Nat'l Ass'n of Secs. Dealers, Inc.*, 191 F.3d 198, 206 (2d Cir. 1999).  Although there is "no single test to identify state actions and state actors, the Supreme Court has articulated a number of factors for consideration including:  1) whether the

11

challenged activity results from the State's exercise of coercive power; 2) whether the State provides significant encouragement, either overt or covert; 3) whether a private actor operates as a willful participant in joint activity with the State or its agents; 4) whether the private entity is controlled by an agency of the State; 5) whether the private entity has been delegated a public function by the State; and 6) whether the private entity is entwined with governmental policies, or whether government is entwined in [the private entities] management or control." *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 294-95 (2001).

The proposed amended complaint is devoid of any allegation that Defendants were acting under color of state law when they interacted with Plaintiffs. Reading the proposed amended complaint as broadly as possible, it is conceivable that Yale New Haven Hospital receives some public funding, and is accordingly tied to the State in some way. But such a general tie to the State is insufficient to support Plaintiffs' claims. Section 1983 requires that the state be involved "not simply with some activity of the institution alleged to have inflicted injury upon a plaintiff, but with the activity that caused the injury." *Powe v. Miles*, 407 F.2d 73, 81 (2d Cir. 1968); *Bidak v. Ed. & Assistance Corp.*, No. 10-cv-057, 2011 WL 233901 at *6 (E.D.N.Y. Jan. 24, 2011).

Nor have Plaintiffs alleged that Defendants' conduct "deprived [them] of a right guaranteed under the Constitution of the United States." *Snyder*, 188 F.3d 53. To state an equal protection claim, a plaintiff must show "1) adverse treatment compared with other similarly situated individuals; and 2) that such

selective treatment was based on impermissible considerations such as race." *Resource Servs., LLC v. Bridgeport*, 590 F. Supp. 2d 347, 354 (D. Conn. 2008) (citing *Miner v. Clinton Cnty*, 541 F.3d 464, 474 (2d Cir. 2008).

Plaintiffs allege in Count One of their proposed amended complaint that Defendants "acted intentionally, maliciously, and with a discriminatory purpose and deprived [Plaintiffs] of right[s] to equal protection under the laws by selectively treating the Plaintiffs differently than others similarly situated because of Plaintiffs' race." Complaint at 14. However, they allege no facts in support of that claim. The only factual allegations about the treatment Plaintiffs received are: that Defendants (i) "assured [Plaintiffs] that [Mr. Lester's] medical complication[s] . . . were normal and delayed the Plaintiffs' . . . knowledge of [Mr. Lester's] injury" (Complaint at 7); (ii) "harassed [Plaintiffs] about giving consent to procedures [Mr. Lester] did not want to have" (*Id.* at 9); (iii) "called security on [one of the Plaintiffs, whose name is not specified] because [he or she] was keeping a record of what was going on at the hospital" (*Id.* at 10); (iv) conducted a procedure to which Plaintiffs did not consent and then failed to inform the family of that "medical mistake" (*Id.* at 11); and (v) conducted an autopsy without Plaintiffs' consent (*Id.* at 12-13). Plaintiffs' proposed amended complaint includes no allegations that other family members of patients were treated differently or that any of the Defendants' actions were motivated by racial animus. Plaintiffs have not made the requisite allegations to state a claim for racial discrimination, and their Section 1983 claims must be dismissed. *See Jackson v. Rockland*, 450 F. App'x 15, 19 (2d Cir. 2011) (dismissing a racial discrimination claim for failure

13

to allege "any comments, actions, or examples of similarly-situated individuals outside of [Plaintiffs'] protected class being treated differently, from which [the court] could infer that the defendants possessed a discriminatory or retaliatory motive").

### iii. Intentional Infliction of Emotional Distress

Finally, Plaintiffs allege Defendants intentionally inflicted emotional distress ("IIED") through their "extreme and outrageous" conduct, and as a result Plaintiffs suffered "emotional injuries, psychological distress, pain and suffering." Complaint at 15. In Connecticut, to raise a claim for IIED, a plaintiff must establish four elements: "(1) that the actor intended to inflict emotional distress, or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." *DeLaurentis v. New Haven*, 220 Conn. 225, 266–67 (Conn. 1991). "Liability for intentional infliction of emotion distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." *Id*. Whether conduct is "extreme and outrageous" is "a question, in the first instance, for the court. Only where reasonable minds can differ does it become an issue for the jury." *Brown v. E. Haddam*, 213 F.3d 625 (Table) at *2 (2d Cir. 2000) (quoting *Bell v. Board of Educ. of West Haven,* 739 A.2d 321, 327 (Conn. App. Ct. 1999)).

**Plaintiffs have failed to raise more than "bald assertions" of IIED. See Jackson, 450 F. App'x at 19 (stating "bald assertions" are insufficient to state a claim). In count three of the proposed amended complaint, Plaintiffs assert that "Defendants intended to inflict emotional distress or knew or should have known that their conduct would likely result in emotional distress" and that Defendants' "conduct was extreme and outrageous." Complaint at 15. However, Plaintiffs assert no facts suggesting that Defendants intended to inflict emotional distress or that Defendants acted in an extreme and outrageous manner, rather than in accordance with reasonable medical practices. While the court does not doubt that Plaintiffs were emotionally impacted by Defendants' previously enumerated actions, those allegations are insufficient to state a viable claim for IIED. Plaintiffs' IIED claim must be dismissed.**

**The court has given the Plaintiffs multiple opportunities to amend the complaint to raise a viable claim for relief over the past year, and Plaintiffs have been unable to do so. Having already given Plaintiffs instructive orders regarding filing a viable complaint, the court cannot conclude that further opportunities to amend would be fruitful, and this case is dismissed with prejudice.**

### III. The Motion for Reconsideration Must Be Denied

**In light of the dismissal of Plaintiffs' proposed amended complaint, their motion to reconsider the motions to proceed in forma pauperis and to appoint counsel are denied as moot. Even if this case were to proceed, the motion to reconsider would be denied, as Plaintiffs have raised no newly discovered evidence, intervening change in law, or manifest injustice which would result**

from the failure to grant the Motion. *Virgin Atl. Airways Ltd. v. National Mediation Board*, 956 F2d. 1245, 1255 (2d Cir. 1992) (stating the standard for a motion for reconsideration).

In support of their in forma pauperis petition, Plaintiffs reiterate information which they have previously provided to the court, including that Mr. Lester received social security payments as his sole income. [Dkt. 36 at 3.] Plaintiffs assert that their "income is not enough to pay for the common necessities of life . . . and also pay court fees and costs." *Id*. at 4-5. However, they have not included financial affidavits for all Plaintiffs and Mr. Lester's estate, despite the court's multiple instructive orders that they must do so to proceed in forma pauperis. 28 U.S.C. § 1915(a) (stating a financial affidavit is required in order to proceed in forma pauperis).

Finally, in support of their motion for counsel, the only new information Plaintiffs provide is a clarification that they did not pay their prior attorney a retainer, but rather had a contingency agreement with him. [Dkt. 36 at 4.] Plaintiffs have not stated why a similar arrangement could not be reached with substitute counsel, and have not asserted that they have made reasonable efforts to obtain counsel. In addition, as stated above, the proposed amended complaint fails to state a claim upon which relief could be granted, and the appointment of counsel is inappropriate. *See Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997) (cautioning against the routine appointment of counsel for civil litigants, and stating appointment of counsel is only appropriate where the movant has demonstrated inability to afford a private attorney and efforts to obtain counsel,

and where the movant's case is meritorious but the issues are complex and would be difficult to present pro se).

IV. Conclusion

For the foregoing reasons, the proposed amended complaint is DISMISSED with prejudice and the motion for reconsideration of the motions to proceed In forma pauperis and to appoint counsel is DENIED. The Clerk is ordered to close this file.

SO ORDERED at Hartford, Connecticut this 11th day of December, 2017.

_____/s/_____
VANESSA L. BRYANT
UNITED STATES DISTRICT JUDGE